## ROYAL INDEM CO v PEEBLES CERAMIC PROD CO

Ohio Appeals, 4th Dist, Scioto Co

Decided Feb 15, 1929

Marshall & Harlan, Dayton and Bannon & Bannon, Portsmouth, for Indem Co.

William J. Meyer, Portsmouth, for Prod Co.

**MAUCK, J.**

It appears that the petition was an action on a bond given pursuant to **Section 2365-1 et seq. G. C.** The form provided for bonds of this character is of a joint and several nature, and consequently the plaintiff had a right to maintain its action against the surety alone unless inhibited by some provision of the general law. Plaintiff in error claims that such provision is found in **Section 11, 242 G. C.**, which authorizes any person entitled to the benefit of a bond to bring an action thereon against the person and his sureties. The claim is made that unless both the principal and the sureties are made parties defendant the court is without jurisdiction to entertain an action against the surety alone. It seems clear to us that this old Section 11,242, governing actions upon bonds generally, has no application to the particular bond under consideration. The bond sued upon was by the terms of the statute authorizing it a joint and several instrument, and there is nothing in **Section 11,242** which undertakes to require an action upon a joint and several bond to proceed against both principal and surety in order to bind the surety. The section relied upon is, consequently, not applicable to the case at bar, and this was the conclusion of the Federal Circuit Court of Appeals of this district in **Royal Indemnity Company v Cliff Wood, Coal & Supply Company, 10 Fed. (2nd Series) 501** Upon that authority we affirm the judgment herein.

If we were without the authority just cited, and if **11,242** were held to apply to an action brought on a bond given under **Section 2365-1 et seq.**, we would nevertheless be constrained to hold that the defendant could not after judgment attack the judgment as being beyond the jurisdiction of the court of rendition. The failure to make the principal a co-defendant was after all nothing more than a defect of parties. A defect of parties must be attacked by special demurrer and a failure to demur is a waiver of the question. **Hoop v. Plummer, 14 Ohio St. 448, 34 Corpus Juris 559.**

Middleton, PJ, and Blosser, J, concur.